UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALANA WALDHOLZ INDIVIDUALLY AND AS NATURAL PARENT AND NEXT FRIEND OF DOMENIK ROBINSON, JA-SHON OLIVER AND JA-ROD MCCLANAHAN,<br>     Plaintiffs,<br><br>v.<br><br>WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1,<br>     Defendant. | Civil Action No. |
| ALANA WALDHOLZ,<br>     Plaintiff,<br><br>v.<br><br>LASALLE BANK, N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1 AS SERVICED BY WILSHIRE CREDIT CORPORATION,<br>     Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, defendant Wilshire Credit Corporation as attorney in fact for LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1 ("**Wilshire**") hereby removes the above-captioned actions, originally filed in Boston Housing Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

## Statement of the Grounds for Removal

1.      Plaintiffs Alana Waldholz, Domenik Robinson, Ja-Shon Oliver and Ja-Rod McClanahan (together, the "**Plaintiffs**") are individuals who until recently resided at 11 Roxton Street, Unit 1, Dorchester, Suffolk County, Massachusetts (the "**Property**").

2.      Wilshire is the owner of the Property and has a principal place of business at 14523 SW Millikan Way, Beaverton, Oregon.

### The February 2009 Complaint

3.      On or about February 25, 2009, the Plaintiffs filed a complaint with the Boston Housing Court alleging breach of warranty of habitability, interference with quiet enjoyment, retaliation, intentional infliction of emotional distress and negligence against Wilshire, civil action no. 09H84-CV-000162 (the "**February 2009 Complaint**"). A copy of the complaint is attached as Exhibit A.

4.      In her demand letter that preceded the filing of the February 2009 Complaint, plaintiff Alana Waldholz demanded the sum of $321,131.50 to settle the causes of action that she and the other plaintiffs now allege in the Complaint.

5.      In conjunction with the February 2009 Complaint, the Plaintiffs filed a Plaintiffs Motion to Consolidate (the "**Motion**"). A copy is attached as Exhibit B.

6.      In the Motion, the Plaintiffs seek to consolidate the February 2009 Complaint with a complaint that plaintiff Alana Waldholz brought against Wilshire in January 2009 regarding conditions at the Property, civil action no. 09-CV-0019 (the "**January 2009 Complaint**"). A copy of the January 2009 Complaint is attached as Exhibit C.

## Jurisdiction

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the Plaintiffs and the Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

8.      Removal is timely as the Plaintiffs filed the February 2009 Complaint with the Boston Housing Court on February 25, 2009.

9.      This Court has jurisdiction of the January 2009 Complaint pursuant to 28 U.S.C. § 1367 as the claims in the January 2009 Complaint are so related to the claims in the February 2009 Complaint that they form part of the same case or controversy under Article III of the U.S. Constitution.  28 U.S.C. § 1376(a).  By virtue of the Motion, the Plaintiffs concede that the claims that comprise the January 2009 Complaint form part of the same case or controversy as the claims that comprise the February 2009 Complaint.

10.     Pursuant to the Local Rules for the United States District Court for the District of Massachusetts, within thirty (30) days after the filing of this notice of removal, Wilshire shall file certified or attested copies of all records and proceedings in the Boston Housing Court and a certified or attested copy of all docket entries in the Boston Housing Court.  Local Rule 81.1.

Respectfully submitted,

LASALLE BANK, N.A., AS TRUSTEE FOR
THE MLMI TRUST SERIES 2006-MLN1 AS
SERVICED BY WILSHIRE CREDIT
CORPORATION,

By its attorneys,

MICHIENZIE & SAWIN, LLC,


*/s/ Paul Michienzie*
Paul Michienzie (BBO#548701)
Christopher J. DeCosta (BBO#657527)
Richard C. Demerle (BBO#652242)
745 Boylston Street
Boston, MA 02116
(617) 227-5660
PM@masatlaw.com

DATE:  March 12, 2009

# EXHIBIT A

February 2009 Complaint

COMMONWEALTH OF MASSACHUSETTS
HOUSING COURT
DEPARTMENT

SUFFOLK, ss                                    CITY OF BOSTON DIVISION
                                               DOCKET NO:

| | |
|---|---|
| Alana Waldholz Individually and as | ) |
| natural parent And next friend of | ) |
| Domenik Robinson, Ja-Shon Oliver and | ) |
| Ja-Rod McClanahan | ) |
|     PLAINTIFFS | ) |
| | ) |
| v. | ) |
| | ) |
| Wilshire Credit Corporation as | ) |
| Attorney in Fact for LaSalle Bank N.A., | ) |
| as Trustee for the MLMI Trust Series | ) |
| 2006-MLNI | ) |
|     DEFENDANTS | ) |

COMPLAINT

PARTIES

1.  The Plaintiff, Alana Waldholz, resides at11 Roxton Street, unit 1, Suffolk County Commonwealth of Massachusetts (hereinafter "claimant").

2.  The plaintiff, Domenik Robinson a minor, resides at 11 Roxton Street, unit 1, Suffolk County Commonwealth of Massachusetts and brings this claim through his natural parent and next friend, Alana Waldholz.

3.  The plaintiff, Ja-Shon Oliver, a minor, resides at 11 Roxton Street, unit 1, Suffolk County Commonwealth of Massachusetts and brings this claims through his natural parent and next friend, Alana Waldholz

4.  The plaintiff Ja-Rod McClanahan a minor, resides at 11 Roxton Street, unit 1, Suffolk County Commonwealth of Massachusetts and brings this claims through his natural parent and next friend, Alana Waldholz.

5.  The Defendant, Wilshire Credit Corporation as Attorney in Fact for LaSalle Bank N.A., as Trustee for the MLMI Trust Series 2006-MLNI is a Foreign Corporation with a principle place of business located at of 14523 S.W. Millikan Way Beaverton, Oregon 9700 (hereinafter "landlord"). The Defendant has as its registered agent Corporation Service Company, 84 State Street Boston MA 02109.

## FACTS

6. On or about April 24, 2008, the Landlord acquired the premises located at Condominium Unit 1 at 11 Roxton Street, Dorchester Massachusetts (hereinafter "premises").

7. The premises is a condominium housed in a building with two other condominiums. The premises is the first floor condominium.

8. At the time the Landlord acquired the premises the Plaintiff and her family were lawfully living in the premises.

9. The Claimant was a section 8 tenant at the time the Defendant acquired the property. She lives at the premises with her three children, aged 5, 9, and 15. The tenant's 9 year old is mentally disabled. Her 15 year old is also disabled.

10. Prior to moving in, the Plaintiff paid $1,600.00 directly to the prior Defendant as a security deposit, and an additional $1,600.00 as last month's rent.

11. On September 8, 2008 the Inspectional Services Department of the City of Boston (hereinafter "ISD") cited the Defendant and ordered the Defendant remedy the cross metering of electricity at the premises. ISD reported that the lighting for the common areas was connected to the meter for the first floor.

12. On September 8, 2008 the Inspectional Services Department of the City of Boston cited the Defendant and ordered the Defendant remedy the "excessive hot water" in the premises. The "hot water temperature at the time of inspection was 163F." ISD issued an Emergency violation and ordered compliance within 24 hours.

13. On September 8, 2008 the Inspectional Services Department of the City of Boston cited the Defendant and ordered the Defendant remedy thirty-two (32) violations of the State Sanitary Code, including but not limited to:

a. Ownership posting missing. Ownership should be on durable material not less than 20 square inches in size and must include name, address and telephone number.

b. Dwelling unit exterior front and back top bolt locks are defective. Locking function is not in working order.

c. Walls throughout dwelling unit and front common area hallway have holes. Patch holes and restore walls back to original condition.

d. Unit apartment door frame cracked and not in good repair

e. Living room right door is missing.

f. Master bedroom left and middle windows are defective. Windows do not stay open.

g.   Screens are missing in master bedroom and living room.

h.   Master bedroom shows evidence of a leak.  Find source of leak and repair.  Restore ceiling back to original state.

i.   Bathroom sinks through unit are loose and not secure to wall.

j.   Master bedroom toilet not secure to floor.

k.   Master bedroom smoke detector hanging from ceiling.

l.   Evidence of leak on kitchen ceiling.  Find source of leak and repair. Restore ceiling back to original state.

m.   Evidence of mice infestation under kitchen sink. Exterminate to eliminate infestation. Seal all means of entry and clean all affected areas.

n.   Kitchen cabinet base board missing under sink.

o.   Kitchen cabinet under sink has a hole.

p.   Back porch light not in working order.

q.   Evidence of leak in rear bedroom.  Find source of leak and repair.

r.   Second bathroom sink stopper not in working order.

s.   Second bathroom sink shows evidence of a leak.  Find source of leak and repair.

t.   Second bathroom ceiling has evidence of a leak.  Find source of leak.  Repair and restore ceiling back to original state.

u.   Second bathroom floor around tube needs to be recaulked.

v.   Closet outside bathroom door knob is loose.

w.   Closet outside bathroom closet bar is missing.

x.   Unit hallway vents hanging.

y.   Back common area hallway floors are in disrepair gaps and not able to keep clean.

z.   Back common area hallway needs to be clean.

aa.   Evidence of leak in rear common area hallway on second floor landing.  Stairs leading to basement need handrails and ballisters.  Debris in basement area.

bb.   Basement area has not working lights.

cc.   Back yard is overgrown.  Side yard has trash and other debris.

14.   On September 15, 2008, Defendant filed a summary process summons and complaint in Boston Housing Court regarding the premises.  However, the Defendant did not name the Plaintiff's as the current tenants of the premises.

15.   On October 9, 2008 Plaintiff filed a Post-Foreclosure Motion by Real Defendant in Interest for Special Appearance and Dismissal for Failure to Properly Terminate Tenancy as the Defendant did not properly name her in the above referenced Summons and Complaint. On November 20, 2008, the Court found for the Plaintiff and dismissed the action. This action was docket No. 08 SP 3727.

16.   On October 26, 2008 the hot water in the premises stopped working. Plaintiff called the Defendant's agents, including legal counsel, to request repairs, but the hot water remained broken.

17.   On October 27, 2008 the Inspectional Services Department of the City of Boston cited the Defendant and ordered the Defendant to repair /replace the heating system which was found to be "defective and not in working order." ISD issued an Emergency violation of the Standards of Fitness for Human Habitation and ordered compliance within 24 hours.

18.   Because the heat and hot water were still not working on October 27, 2008 the Plaintiff filed for relief from the court, requesting that the heat and hot water be restored. The Court provided notice to the Defendant's legal counsel.

19.   On October 28, 2008 the Court heard a motion for a Temporary Restraining Order and ordered the Defendant to refrain from failing to provide heat to the premises.

20.   On October 30, 2008 the Inspectional Services Department of the City of Boston cited the Defendant and ordered the Defendant to repair the furnace because it was "not in good working order / leaking water." ISD issued an Emergency violation of the Standards of Fitness for Human Habitation and again ordered compliance within 24 hours.

21.   On or about November 26, 2008 the Defendant's attorney, Richard Demerle, signed an Affidavit with the Housing Court, signed under the pains and penalties of perjury. In his Affidavit, Attorney Demerle changed the case caption of docket number 08 SP 3727, referenced above, to now list Alana Waldholz as the sole Defendant. Prior to this time Alana Waldholz had never been a named Defendant in this case, and no motion was or has been brought to add her as a named Defendant to case number 08 SP 3727.

The only Motion related to adding Alana Waldholz was her own Motion for Special Appearance specifically because she was not a named Defendant.

22. In the November 26, 2008 affidavit, Attorney Demerle, calling Alana Waldholz "Defendant Alana Waldholz" states that she "was served with a Summons and Compliant."

23. On or about November 26, 2008 the Defendant's attorney, Richard Demerle, also signed Plaintiff's Motion For Entry Of Default Judgment, with the Housing Court. In this motion, as attorney for the Defendant, he again refers to Alana Waldholz as "Defendant Alana Waldholz (the "**Defendant**")" [emphasis in the original]. And again Attorney Demerle's Motion contained a modified case caption of docket number 08 SP 3727 to list Alana Waldholz as the sole Defendant. Again, prior to this time Alana Waldholz had never been a named Defendant in this case, and no motion was or has been brought to add her as a named Defendant to case number 08 SP 3727.

24. Defendant in its Plaintiff's Motion for Entry of Default Judgment states at line 12 that the Defendant (listed in the caption as Alana Waldholz) "On October 9, 2008 the Defendant failed to appear for the hearing on the summary process action and was defaulted." In fact Alana Waldholz was not a named Defendant in the summary process case and has never been a named Defendant in the summary process case, regardless of Attorney Demerle's assertions in his Affidavit and his changing of the captions in his filings. Further Alana Waldholz had to file a motion for Special Appearance so she could be heard because she was not named in summary process case.

25. On or about December 4, 2008 the Court granted Alana Waldholz' Post-Foreclosure Motion by Real Defendant in Interest for Special Appearance and Dismissal for Failure to Properly Terminate Tenancy. Summary Process case 08 SP 3727 was dismissed.

26. In a letter dated December 8, 2008 but mailed with postage date of December 19, 2008 the Defendant sent what purports to be a Notice To Quit requesting the Plaintiff to vacate the premises on the last day of January 2009.

27. In a letter dated December 8, 2008 the Defendant by their attorney, Erin Birmingham wrote to the Boston Housing Authority stating that the Defendant "does not wish to participate in the rental assistance program".

28. On or about December 12, 2008 there was a fire in the third floor of the building where the premises is located. The fire did not destroy the building and did not spread to the first floor condominium which is the premises subject to this action.

29. On December 15, 2008 a Housing Inspector for section 8 came to the premises and found that there was: no heat, no water, no electrical service, water damage to the

Plaintiff's possessions, no smoke detectors, broken glass, and other substandard conditions at the premises.

30. Tenant and her attorneys contacted the Defendant's agents and attorneys on several occasion requesting that the heat, water, and electrical services be restored and that she be housed in the mean time. Defendant via their attorney refused to provide alternative housing and stated that they had no obligation to repair the premises.

31. With no heat, electric, or water, and the low temperatures of a Boston winter the premises became uninhabitable and the Plaintiff and her family were placed in shelter.

32. The tenant has two disabled children and the impact of substandard conditions and the move to shelter has resulted in a substantial impact on their wellbeing.

33. The Plaintiff and her children spent Christmas and New Year's in shelter, unable to go to their home, sleep in their own beds, or open presents under their Christmas tree, all because the Defendant failed to restore the heat, electricity and water at the premises.

34. The Plaintiff lost her job in which she used to earn $17.80 an hour. She was terminated because she was unable to get to her job location from the shelter on public transportation and Plaintiff does not own a car.

35. Despite repeated requests Defendant failed to repair to the premises, as a result, on January 7, 2009 Tenant filed a request for a Temporary Restraining Order seeking to have the heat, electricity, and water turned on. On Thursday January 8, 2009 the court told the Defendant to provide heat, electricity, and water at the premises, and scheduled both parties to report back to court on Monday January, 12 2009.

36. On Monday January 12, 2009 – one month since Plaintiff had to leave the premises and go into shelter because of lack of heat, electricity and water, the repairs had still not been completed and the Court issued its Order.

37. On Tuesday January 13, 2009 the Temporary Restraining Order was again in front of the Court because the repairs had yet to be completed.

38. On January 13th at 6:02 pm the Defendant's Attorney finally called with hotel info, but by then it was too late for Plaintiff to leave the shelter in Malden and get to the hotel in Dorchester without transportation, and also if she leaves shelter there is no bussing for her kids and she can't go back to shelter for 12 months.

39. On Wednesday January 14, 2009 the parties were again in Court and again there was no heat, electricity, or water.

40. On Friday January 16, 2009 the parties were again in Court and again there was no heat, electricity, or water.

41.   On January 20 and January 23, 2009 the parties had to appear in Court again on the restraining order for the Defendant's failure to provide heat, electricity and water to the Plaintiff.

## COUNT ONE
### Breach of the Warranty of Habitability

42.   The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

43.   The Landlord has expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

44.   Conditions of disrepair exist in or around the Premises that may endanger or materially impair the health, safety and well-being of the occupants.

45.   The claimant and the claimant's minor children did not cause these conditions.

46.   The Landlord has known or should have known of these conditions.

47.   The Landlord has not properly repaired the conditions or has failed to repair them in a reasonable time after actual or constructive notice. These conditions include, but are not limited to those described in the statement of facts section of this complaint.

48.   Because of the acts described above the Landlord has breached the implied warranty of habitability.

49.   As a result of the Landlord's breach of warranty, Plaintiff has suffered damages in the amount of the difference between the fair market value of the Premises in good repair and in compliance with all applicable laws and regulations.

50.   As a direct and/or consequential result of the Landlord's breach of warranty, the Plaintiff's were caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

51.   As a further direct and/or consequential result of the Landlord's breach of warranty the Plaintiff's have suffered, and continue to suffer, severe pain and suffering of a mental and emotional nature.

52.   As a further direct and consequential result of the Landlord's breach of warranty the Plaintiff's have sustained a loss in their ability to enjoy life and live in the manner to which they were previously accustomed.

## COUNT TWO
### Interference with quiet enjoyment (m.g.l. c. 186 s.14)

53.  The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

54.  The Landlord intentionally or willfully interfered with the provision of or failed to provide utilities or other services to the premises, all of which the Landlord is obliged to provide in violation of G.L. c 186 14.

55.  The Landlord directly or indirectly interfered with the Plaintiff's quiet enjoyment of the premises by failing to provide and maintain the premises in compliance with applicable law.

56.  The Landlord directly or indirectly interfered with Plaintiff's quiet enjoyment of the Premises by failing to correct the conditions of disrepair outlined in the statement of facts above.

57.  As a direct and/or consequential result of the aforesaid conduct of the landlord, the Plaintiff's were caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

58.  As a further direct and/or consequential result of the aforesaid conduct of the landlord the Plaintiff's have suffered, and continue to suffer, severe pain and suffering of a mental and emotional nature.

59.  As a further direct and/or consequential result of the aforesaid conduct of the landlord the Plaintiff's have sustained a loss in their ability to enjoy life and live in the manner to which they were previously accustomed.

## COUNT THREE
### Retaliation

60.  The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

61.  The Landlord retaliated against the Tenant for complaining of defective conditions in the premises.  The retaliation consisted of terminating the tenancy.

## COUNT FOUR
### Intentional infliction of emotional distress
### (claimant)

62.  The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

63.  The landlord, by its acts and failures as set out in the statement of facts, caused the Claimant severe emotional upset and anxiety.

64. The Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

65. The Defendants' conduct was extreme and outrageous under the circumstances; and the emotional distress sustained by the claimant was severe.

66. As a direct and/or consequential result of the aforesaid conduct of the landlord, the claimant was caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

67. As a further direct and/or consequential result of the aforesaid conduct of the landlord the claimant has suffered, and continues to suffer, severe pain and suffering of a mental and emotional nature.

68. As a further direct and/or consequential result of the aforesaid conduct of the landlord the claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

## COUNT FIVE
### Intentional infliction of emotional distress
### (minor claimant Domenik Robinson)

69. The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

70. The landlord, by its acts and failures as set out in the statement of facts, caused the Minor Claimant severe emotional upset and anxiety.

71. The Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

72. The Defendants' conduct was extreme and outrageous under the circumstances; and the emotional distress sustained by the claimant was severe.

73. As a direct and/or consequential result of the aforesaid conduct of the landlord, the minor claimant was caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

74. As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has suffered, and continues to suffer, severe pain and suffering of a mental and emotional nature.

75. As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

## COUNT SIX
### Intentional infliction of emotional distress
### (minor claimant Ja-Shon Oliver)

76. The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

77. The landlord, by its acts and failures as set out in the statement of facts, caused the Minor Claimant severe emotional upset and anxiety.

78. The Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

79. The Defendants' conduct was extreme and outrageous under the circumstances; and the emotional distress sustained by the claimant was severe.

80. As a direct and/or consequential result of the aforesaid conduct of the landlord, the minor claimant was caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

81. As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has suffered, and continues to suffer, severe pain and suffering of a mental and emotional nature.

82. As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

## COUNT SEVEN
### Intentional infliction of emotional distress
### (minor claimant Ja-Rod McClanahan)

83. The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

84. The landlord, by its acts and failures as set out in the statement of facts, caused the Minor Claimant severe emotional upset and anxiety.

85. The Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct.

86. The Defendants' conduct was extreme and outrageous under the circumstances; and the emotional distress sustained by the claimant was severe.

87. As a direct and/or consequential result of the aforesaid conduct of the landlord, the minor claimant was caused to incur damages. Such damages are not fully ascertainable at this time but will be determined at trial.

88.    As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has suffered, and continues to suffer, severe pain and suffering of a mental and emotional nature.

89.    As a further direct and/or consequential result of the aforesaid conduct of the landlord the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

## COUNT EIGHT
### Negligence
### (claimant)

90.    The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

91.    The manner in which the landlord handled its responsibilities as landlord was reckless, careless, negligent and unskillful. Specifically, but not limited to its failure to remedy defective conditions and its failure to maintain and keep the premises in good repair and condition.

92.    At all times material and relevant hereto claimant handled its responsibility as tenant reasonable and in a careful manner.

93.    As a direct and/or consequential result of the aforesaid negligence claimant was caused to incur expenses that but for the negligence she would not have incurred. Such expenses are not fully ascertainable at this time but will be determined at trial.

94.    As a further direct and/or consequential result of the aforesaid negligence claimant has suffered, and continues to suffer, great pain and suffering of a mental and emotional nature.

95.    As a further direct and/or consequential result of the aforesaid negligence claimant has sustained a loss in her ability to enjoy life and live in the manner to which she previously was accustomed.

## COUNT NINE
### Negligence
### (minor claimant Domenik Robinson)

96.    The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

97.    The manner in which the landlord handled its responsibilities as landlord was reckless, careless, negligent and unskillful. Specifically, but not limited to its failure to remedy defective conditions and its failure to maintain and keep the premises in good repair and condition.

98.   At all times material and relevant hereto the minor claimant handled its responsibility as tenant reasonably and in a careful manner.

99.   As a direct and/or consequential result of the aforesaid negligence the minor claimant was caused to incur expenses that but for the negligence he/she would not have incurred. Such expenses are not fully ascertainable at this time but will be determined at trial.

100.   As a further direct and/or consequential result of the aforesaid negligence the minor claimant has suffered, and continues to suffer, great pain and suffering of a mental and emotional nature.

101.   As a further direct and/or consequential result of the aforesaid negligence the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

102.   As a further direct and/or consequential result of the aforesaid negligence the minor claimant has sustained other consequential and incidental damages. Such damages are not fully ascertainable at this time but will be determined at trial.

### COUNT TEN
### Negligence
### (minor claimant Ja-Shon Oliver)

103.   The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

104.   The manner in which the landlord handled its responsibilities as landlord was reckless, careless, negligent and unskillful. Specifically, but not limited to its failure to remedy defective conditions and its failure to maintain and keep the premises in good repair and condition.

105.   At all times material and relevant hereto the minor claimant handled its responsibility as tenant reasonably and in a careful manner.

106.   As a direct and/or consequential result of the aforesaid negligence the minor claimant was caused to incur expenses that but for the negligence he/she would not have incurred. Such expenses are not fully ascertainable at this time but will be determined at trial.

107.   As a further direct and/or consequential result of the aforesaid negligence the minor claimant has suffered, and continues to suffer, great pain and suffering of a mental and emotional nature.

108.   As a further direct and/or consequential result of the aforesaid negligence the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

109. As a further direct and consequential result of the aforesaid negligence the minor claimant has sustained other consequential and incidental damages. Such damages are not fully ascertainable at this time but will be determined at trial.

## COUNT ELEVEN
### Negligence
### (minor claimant Ja-Rod McClanahan)

110. The Plaintiff repeats and re-alleges the facts set out in the "statement of facts" above and incorporates them herein by reference.

111. The manner in which the landlord handled its responsibilities as landlord was reckless, careless, negligent and unskillful. Specifically, but not limited to its failure to remedy defective conditions and its failure to maintain and keep the premises in good repair and condition.

112. At all times material and relevant hereto the minor claimant handled its responsibility as tenant reasonably and in a careful manner.

113. As a direct and/or consequential result of the aforesaid negligence the minor claimant was caused to incur expenses that but for the negligence he/she would not have incurred. Such expenses are not fully ascertainable at this time but will be determined at trial.

114. As a further direct and/or consequential result of the aforesaid negligence the minor claimant has suffered, and continues to suffer, great pain and suffering of a mental and emotional nature.

115. As a further direct and/or consequential result of the aforesaid negligence the minor claimant has sustained a loss in his/her ability to enjoy life and live in the manner to which he/she previously was accustomed.

116. As a further direct and consequential result of the aforesaid negligence the minor claimant has sustained other consequential and incidental damages. Such damages are not fully ascertainable at this time but will be determined at trial.

## DEMANDS FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

117. On COUNT ONE:  award the Plaintiff damages based on the nature, duration, and seriousness of the defects and equal to the difference between the value of the use and enjoyment of the premises as warranted to be habitable and the value of the use and enjoyment of the premises in their defective condition, from the commencement of the tenancy to the present, and any damages to the Plaintiff which are the consequences of the Defendant's breach as well as all costs associated with this action including but not limited to reasonable attorney's fees.

118. On COUNT TWO:  award the Plaintiff the greater of
    a. actual and/or consequential damages including damages for emotional distress, or
    b. three months rent with interest,
    plus costs of this action including but not limited to reasonable attorney's fees;

119. On COUNT THREE: award the Plaintiff the greater of actual and/or consequential damages including damages for emotional distress or three months rent with interest, plus costs of this action including but not limited to reasonable attorney's fees

120. On COUNT FOUR: award the claimant an amount to be determined by this court to be reasonable and just compensation for the damages she has sustained, together with her costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

121. On COUNT FIVE: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

122. On COUNT SIX: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

123. On COUNT SEVEN: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

124. On COUNT EIGHT: award the claimant an amount to be determined by this court to be reasonable and just compensation for the damages she has sustained, together with her costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

125. On COUNT NINE: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with his/her costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

126. On COUNT TEN: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with his/her costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

127. On COUNT ELEVEN: award the minor claimant an amount to be determined by this court to be reasonable and just compensation for the damages he/she has sustained, together with his/her costs and interest thereon, all as permitted by law, plus costs of this action including but not limited to reasonable attorney's fees.

128.  Order such relief as the Court deems just and proper.

## JURY CLAIM

142. The Plaintiff's request a trial by jury on all claims


Alana Waldholz Individually and as
natural parent And next friend of
Domenik Robinson, Ja-Shon Oliver and
Ja-Rod McClanahan
By their attorney,


Kenneth C. Vining, Esq.
BBO #645037
Vining Law Office, LLC
761 Broadway
Somerville, MA  02144
Ph: 617-666-0303
Fax: 617-625-0575

# EXHIBIT B

Plaintiffs' Motion to Consolidate

COMMONWEALTH OF MASSACHUSETTS
HOUSING COURT
DEPARTMENT

SUFFOLK, ss                          CITY OF BOSTON DIVISION
                                     DOCKET NO:

                                       09-CU-17

_____
Alana Waldholz Individually and as        )
natural parent And next friend of         )
Domenik Robinson, Ja-Shon Oliver and      )
Ja-Rod McClanahan                         )
        PLAINTIFFS                        )
                                          )
v.                                        )
                                          )
Wilshire Credit Corporation as            )
Attorney in Fact for LaSalle Bank N.A.,   )
as Trustee for the MLMI Trust Series      )
2006-MLNI                                 )
_____DEFENDANTS_____)

PLAINTIFFS MOTION TO CONSOLIDATE


The Plaintiff respectfully requests that this court consolidate Docket No. 09 CV 0017

in Boston Housing Court with this above captioned case which was entered February 20,

2009 at Boston Housing court because the two actions arise out of the same events and

because transfer and consolidation would serve the interest of judicial efficiency.

The two cases arise out of the same transactions. The evidence presented in both

cases will be substantially similar, making transfer and consolidation the most efficient

means of adjudication.


Alana Waldholz Individually and as
natural parent And next friend of
Domenik Robinson, Ja-Shon Oliver and
Ja-Rod McClanahan
By their attorney,

Kenneth C. Vining, Esq.
BBO #645037
Vining Law Office, LLC
761 Broadway
Somerville, MA  02144
Ph: 617-666-0303
Fax: 617-625-0575

# EXHIBIT C

January 2009 Complaint



The Commonwealth of Massachusetts

HOUSING COURT DEPARTMENT

CITY OF BOSTON DIVISION
24 NEW CHARDON STREET
BOSTON, MA 02114-4703

SUFFOLK, SS:

NO. / / / C / V / / / / / /

## STATEMENT OF MATERIAL FACTS

(PLEASE PRINT)

Alana WALDHOLZ
PLAINTIFF(S)

ADDRESS: 11 BOXTON ST #1
DORCHESTER, MA 02121

TEL: 857-207-5076

LaSalle Bank
DEFENDANT(S)

ADDRESS: C/O Michienzie & Savin LLC
75 Boylston ST
BOSTON, MA 02116

TEL: 617-227-5660

BRIEFLY STATE THE FACTS:

I CURRENTLY HAVE NO HEAT, WATER, MY APARTMENT
IS FLOODED, AND THE DOORS ARE NOT SECURED.
ALSO MY ELECTRIC IS NOT WORKING. I HAVE ASKED
THE LANDLORD AND THEIR AGENTS TO FIX IT FOR
THE LAST 3 WEEKS AND I CAN'T WAIT ANY
LONGER.

Signed under the pains and penalties of perjury on _JANUARY 7, 2009_
DATE

_Alana Waldholz_
SIGNATURE

Series 100CV Statement of Facts
Rev 12/99

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALANA WALDHOLZ INDIVIDUALLY AND AS NATURAL PARENT AND NEXT FRIEND OF DOMENIK ROBINSON, JA-SHON OLIVER AND JA-ROD MCCLANAHAN,<br>     Plaintiffs,<br><br>v.<br><br>WILSHIRE CREDIT CORPORATION AS ATTORNEY IN FACT FOR LASALLE BANK N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1,<br>     Defendant. | Civil Action No. 09H84-CV-000162 |
| ALANA WALDHOLZ,<br>     Plaintiff,<br><br>v.<br><br>LASALLE BANK, N.A., AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-MLN1 AS SERVICED BY WILSHIRE CREDIT CORPORATION,<br>     Defendant. | Civil Action No. 09-CV-0019 |

## CERTIFICATE OF SERVICE

I, Richard C. Demerle of the law firm of Michienzie & Sawin, LLC hereby certify that I have this 12th day of March 2009, served on behalf of Wilshire Credit Corporation as attorney in fact for LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-MLN1, a Notice of Removal and this Certificate of Service by causing copies hereof to be sent by first-class, U.S. mail, postage pre-paid (M), or via electronic mail (EM), to the following:

| Kenneth C. Vining, Esq. | Edward Rice |
| Vining Law Office, LLC | Volunteer Lawyers Project |
| 761 Broadway | 99 Chauncy Street #400 |
| Somerville, MA 02144 (M) | Boston, MA 02111 (M) |

/s/ *Richard C. Demerle*
Richard C. Demerle